IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 16 C 2096 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| CAMERON HULL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Cameron Hull filed a *pro se* motion to vacate, set aside, or correct his sentence [1] pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court denies his motion.

### Factual and Procedural Background

In 2013, Hull was charged in an indictment with two counts of transporting a minor across state lines for purposes of prostitution (18 U.S.C. § 2423(a)) and one count of sex trafficking a minor (18 U.S.C. § 1591(a)). Shortly before his trial was scheduled, Hull pleaded guilty to a superseding information in which he was charged with facilitating the travel of a person in interstate commerce for the purpose of illicit sexual activity (18 U.S.C. § 2423(d)).

In the plea agreement, Hull admitted to acting as a pimp for "BH," who at the time was under the age of eighteen. *See* Plea Agreement ("PA") ¶ 6, No. 13 CR 216, ECF No. 59. He further admitted that he advertised BH for commercial sex in Illinois and arranged for her to work in Illinois and Indiana as a prostitute under his employ. *Id.* The plea agreement also details an instance in November 2011 in

which Hull arranged for BH to travel to a motel in Indiana and advertised her for commercial sex, and then traveled with her back to Illinois, where he again advertised her for commercial sex. *Id.*

In the plea agreement, Hull also waived certain rights, including as follows:

> Defendant [ ] understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial. . . . [D]efendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which the sentence was determined) . . . . In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under [§ 2255]. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel . . . .

*Id.* ¶ 19(c). In the very next paragraph of the plea agreement, Hull acknowledged that "Defendant understands that by pleading guilty he is waiving all rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights." *Id.* ¶ 20. Hull repeated that he understood this waiver on the record in entering his plea, and the Court explained it to him again at the sentencing hearing.

Prior to the sentencing hearing, the probation office recommended that a sentencing enhancement apply because Hull had "engaged in a pattern of activity involving prohibited sexual conduct" under § 4B1.5(b) of the U.S. Sentencing Guidelines. Presentence Investigation Report ("PSR") ¶ 33, No. 13 CR 216, ECF No. 67. The probation office noted in part that "[t]here is sufficient evidence [Hull] had sex with BH on two occasions while she was a minor." *Id.* This

2

recommendation was consistent with Hull's plea agreement, in which the parties agreed that the enhancement would apply.  PA ¶ 9(d).

Hull's appointed counsel, Keith Scherer, did not object to the enhancement, and the Court adopted the Presentence Investigation Report without any changes. *See* Stmt. Reasons 1, No. 13 CR 216, ECF No. 89.  The Court ordered a sentence of 121 months, which, with the § 4B1.5(b) enhancement, was within the applicable guidelines range.  Hull filed the present motion thereafter.

## **Legal Standard**

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).  A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief.  *Id.*  Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## Analysis

Hull raises three grounds for relief in his § 2255 motion. First, he asserts that Scherer was constitutionally ineffective for failing to file a notice of appeal on Hull's behalf, despite Hull instructing him to do so. Next, Hull contends that the Court improperly applied an enhancement to his sentence pursuant to § 4B1.5(b) of the U.S. Sentencing Guidelines. Finally, Hull maintains that Scherer was constitutionally ineffective for failing to object to the application of this enhancement. The Court will address each of these arguments in turn.[1]

### I. Ineffective Assistance: Notice of Appeal

Hull first maintains that Scherer rendered ineffective assistance by failing to file a notice of appeal on Hull's behalf, despite Hull's instruction that he do so. As noted above, Hull agreed not to appeal his conviction or his sentence as part of his plea agreement. He nevertheless asked Scherer to file an appeal raising "numerous discrepancies/lies" underlying his conviction and the sentencing issue discussed below. Mem. Supp. at 5. He argues that, notwithstanding his waiver of appeal, Scherer should have filed a notice of appeal or, at the very least, filed a brief under *Anders v. California*, 386 U.S. 738 (1967). *Id.* The Government disagrees and takes

---

[1] At the outset, it is important to note that Hull does not challenge the voluntariness of his plea agreement or Scherer's assistance in negotiating it. Mem. Supp. § 2255 Pet. 5, No. 16 C 2096, ECF No. 3; Reply 2, No. 16 C 2096, ECF No. 7. In one paragraph of his affidavit, he suggests that he did not know he was waiving his appellate rights, Mem. Supp., Hull Aff., ¶ 17, but this assertion is belied by his own briefing, as well as the provision of his plea agreement acknowledging that he knew what he was waiving and his similar representations before this Court. *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010) (holding, in similar circumstances, that a waiver was knowing and voluntary).

4

the position that Hull's waiver should also encompass Hull's claim of ineffective assistance. Gov't Resp. 3, No. 16 C 2096, ECF No. 6.

As a preliminary matter, Hull's plea agreement did not waive his ability to raise ineffective assistance of counsel on the grounds that Scherer failed to file a notice of appeal. The agreement expressly exempts ineffective assistance claims. PA ¶ 19(c). The Seventh Circuit has cautioned that waivers should be enforced "only to the extent of the agreement." *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000). Accordingly, the Court finds that Hull did not waive the ability to seek relief on this ground.

Hull is also correct that, in *Anders*, the Supreme Court held that appointed counsel must, when faced with a request to file an appeal that counsel believes wholly frivolous, advise the court of the frivolous nature of the appeal and request an opportunity to withdraw, attaching "a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. But, notwithstanding *Anders*, the Seventh Circuit has considered Hull's position and rejected it. "A lawyer who respects his client's formal waiver of appeal does not render objectively deficient service, and the waiver (coupled with the plea itself) shows that [the client] did not suffer prejudice even if his lawyer should have filed a notice of appeal." *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016).[2] The Seventh Circuit in *Nunez* expressly

---

[2] Hull is correct to point out that other circuits have taken a different position, *e.g.*, *United States v. Garrett*, 402 F.3d 1262, 1265–67 (10th Cir. 2005), but it is the law of the Seventh Circuit that governs here.

5

noted that "the *Anders* procedure is required only when there is a right to appeal," *i.e.*, when a defendant has not waived the right. *Nunez*, 546 F.3d at 455. To hold otherwise, the court reasoned, would require counsel to abdicate her duty to avoid frivolous litigation and ensure the client the benefit of a plea bargain. *Id.*

Here, the issues Hull asked Scherer to raise in an appeal—challenges to the legitimacy of evidence underlying his conviction and the sentencing issue discussed below—were within the scope of the appeal waiver in his sentencing agreement. Thus, under *Nunez*, Scherer did not render constitutionally ineffective assistance for refusing to file a notice of appeal on Hull's behalf. Hull's argument otherwise is rejected.

## II. Sentencing Enhancement Under U.S.S.G. § 4B1.5(b)

Hull next argues that the Court erroneously adopted the probation office's recommendation that his sentence be enhanced pursuant to U.S.S.G. § 4B1.5(b). This provision provides a sentencing enhancement where, as pertinent here, "the defendant's instant offense of conviction is a covered sex crime" and "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). For reasons explored in more detail below, Hull contends that his conduct did not amount to a "pattern of activity involving sexual conduct" under § 4B1.5(b). But, as noted above, Hull expressly waived his right to raise a collateral attack to his "sentence[ ] and the manner in which the sentence was determined." PA ¶ 19(c). Thus, because Hull's appeal waiver encompasses this issue, and Hull has not argued that the waiver was involuntary, this claim is barred. *E.g.*, *Gaylord*

*v. United States*, 829 F.3d 500, 506 (7th Cir. 2016) (noting that a petitioner had waived the ability to collaterally attack an enhancement applied to his sentence by way of a valid plea agreement).

### III.  Ineffective Assistance: Enhancement Under § 4B1.5(b)

Finally, Hull argues that Scherer rendered ineffective assistance by failing to object to the enhancement under § 4B1.5(b). While Hull waived his ability to collaterally attack the enhancement, he did not waive the ability to pursue a claim that Scherer was constitutionally ineffective for failing to object to application of the enhancement.  PA ¶ 19(c); *Gaylord*, 829 F.3d at 506 (entertaining petitioner's challenge that counsel rendered ineffective assistance by failing to object to a sentencing enhancement, notwithstanding waiver of collateral attack on the enhancement itself).

Hull's claim of ineffective assistance must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that Scherer's performance was constitutionally deficient, *i.e.*, that his representation "fell below an objective standard of reasonableness" as measured against "prevailing professional norms." *Id.* at 688.  Second, Hull must show that any error Scherer made caused him prejudice. *Id.* at 692.

The basis for Hull's claim of ineffective assistance is that, because his alleged conduct did not constitute a "pattern of activity involving sexual conduct" under § 4B1.5(b), Scherer was constitutionally ineffective for failing to object to application of the enhancement.  Hull relies on an excerpt of a document appended

7

to his § 2255 motion, which appears to be a one-page excerpt from an unidentified legal treatise. Mem. Supp. at 20. The document addresses § 4B1.5(b) and states that "[t]he pattern of activity enhancement requires that the defendant engaged in prohibited sexual conduct on at least two separate occasions *and that at least two minors were victims of the sexual conduct.*" *Id.* (emphasis added). According to Hull, because he pleaded guilty to conduct involving only one minor, he had not engaged in a "pattern of activity involving sexual conduct," the enhancement was inapplicable, and Scherer was constitutionally ineffective for failing to raise the issue.

Hull is incorrect, however, that a "pattern of activity involving sexual conduct" requires at least two minor victims. The commentary to § 4B1.5(b), which is unchanged from the time of Hull's sentencing, expressly states otherwise: "[f]or purposes of [§ 4B1.5(b)], the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with *a minor*." U.S.S.G. § 4B1.5 cmt. n.4(B)(i) (emphasis added). The November 2014 U.S. Sentencing Guidelines Manual—the agreed manual applicable to Hull's sentencing, *see* PA ¶ 9(a)—contains the same commentary. U.S. Sentencing Guidelines Manual ch. 4, pt. B (2014). A previous version of § 4B1.5 contained commentary that stated otherwise, but it was modified in 2003 to remove the requirement of two minor victims. *United States v. Phillips*, 431 F.3d 86, 92 & n.5 (2d Cir. 2005); *accord United States v. Fleetwood*, 457 F. App'x 591, 592 (8th Cir. 2012). Because conduct involving only one minor victim can

constitute a pattern of activity, the enhancement was not inapplicable on this ground, and Scherer's failure to suggest otherwise did not prejudice Hull.

The Court is at a loss to know where Hull obtained the excerpted document that states that two minor victims are required, but, as explained above, the document is incorrect. The footer of the document contains the phrase "2015 U.S. Sentencing Guidelines Manual" and a copyright symbol dated 2016. Mem. Supp. at 20. But the document is not the 2015 U.S. Sentencing Guidelines Manual, which contains the same commentary as the 2014 version. U.S. Sentencing Guidelines Manual ch. 4, pt. B (2015). For the same reason, Hull's reliance on *United States v. Schmeilski*, 408 F.3d 917 (7th Cir. 2004), is inapposite, because the case applies the previous, and now outdated, version of § 4B1.5's commentary. *See id.* at 920. Thus, contrary to Hull's argument, the enhancement required only one minor victim, and Scherer was not constitutionally ineffective for failing to argue otherwise.

In his reply brief, Hull appears to lodge broader challenges to (1) the factual findings underlying the Court's determination that the § 4B1.5(b) enhancement should apply, and (2) the standard of proof applicable to such findings. *See* Reply at 4–6. Insofar as Hull presents these challenges as bases for ineffective assistance— because otherwise, the challenges would be waived—the Court will briefly address them here.

First, Scherer was not constitutionally ineffective for failing to object to the factual findings underlying the Court's determination that the enhancement should apply. The Presentence Investigation Report stated, in support of applying the

9

enhancement, that "[t]here is sufficient evidence [Hull] had sex with BH on two occasions when she was a minor." PSR ¶ 33. It also detailed the sex trafficking activities underlying Hull's plea, namely traveling to Indiana to advertise BH for commercial sex acts, and then traveling back to Illinois to advertise the same. *Id.* ¶ 15. The Government's version of the offense further states that Hull "took [BH] to Indiana twice, to a motel near O'Hare, and to the track, plus he had sex with her," amounting to "at least 4 different occasions of prohibited sexual conduct." *Id.* at 9. Hull seems to suggest none of these events occurred, although he stipulated to the truth of the trafficking activities underlying his plea agreement, PA ¶ 6, and he does not state that he did not have sex with BH on two occasions while she was a minor.[3] Still, he claims that, as a general matter, BH was lying, and he references an email exchange with Scherer in which he implored Scherer to challenge certain, unspecified facts. Mem. Supp. at 18.

But, even in light of Hull's request, it was not objectively unreasonable for Scherer to fail to object to the factual findings underlying the Court's determination that the § 4B1.5(b) enhancement should apply. As Scherer explained in response to Hull's email, he believed Hull's best strategy was to cooperate and accept responsibility, rather than attempting to rehash facts to which he pleaded guilty

---

[3] Hull seems to argue in his reply that he admitted to only one occasion of prohibited sexual conduct in his plea agreement, and thus, there was not a pattern of activity involving at least two occasions of sexual conduct. But the commentary to § 4B1.5 precludes any argument that admission or conviction of the conduct is necessary, stating, "an occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." U.S.S.G. § 4B1.5 cmt. n.4(B)(ii).

and that were supported by the Presentence Investigation Report. *Id.* This strategy was successful in that Hull received, in total, a three-point deduction for acceptance of responsibility, PSR ¶¶ 34–35, which he may not have received had Scherer made an attempt to challenge the facts underlying the enhancement. Scherer estimated that such a challenge would present little chance of success but entail significant risk. It was not objectively unreasonable for Scherer to adopt this strategy. *United States v. Robinson*, No. 12 C 1842, 2012 WL 3777136, at *3 (N.D. Ill. Aug. 28, 2012) (explaining the reasonableness of counsel's decision not to challenge certain enhancements, given defendant's burden to establish that a deduction for acceptance of responsibility was warranted); *Robinson v. United States*, No. 05-3188, 2006 WL 167704, at *3 (C.D. Ill. Jan. 23, 2006) (same); *see United States v. Booker*, 981 F.2d 289, 293 (7th Cir. 1992) ("[I]f a reasonable tactical justification exists for counsel's actions, we will not find counsel's performance deficient.").

Second, Scherer was not constitutionally ineffective for failing to argue that the facts supporting the § 4B1.5(b) enhancement needed to be established to a jury beyond a reasonable doubt. The enhancement did not increase the statutory penalty applicable to the crime (the offense here carried a statutory maximum of thirty years, 18 U.S.C. § 2423(d)) and was relevant only to determine the advisory guideline range. *United States v. Stokes*, 726 F.3d 880, 898 (7th Cir. 2013) (observing that sentencing enhancements do not need to be found by a jury beyond a reasonable doubt); *see also United States v. Harper*, 766 F.3d 741, 746 (7th Cir.

11

2014) (rejecting a similar argument where the enhancement at issue "[did] not increase the statutory penalty applicable to the offense").[4] For these reasons, Scherer was not constitutionally ineffective for failing to object to the Court's application of the § 4B1.5(b) enhancement.

## Conclusion

For the reasons stated herein, Hull's § 2255 motion [1] is denied. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, because Hull has not made a substantial showing that reasonable jurists could debate whether his motion should have been resolved in a different manner. *See* 28 U.S.C. § 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).

**IT IS SO ORDERED.**              **ENTERED   12/19/17**

*[signature: John Z. Lee]*

                                      **John Z. Lee**
                                      **United States District Judge**

---

[4] Hull's reliance on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which concerned an increase to a statutory minimum penalty, and in which the Supreme Court reaffirmed that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment," *id.* at 2163, is misplaced. Hull states in his reply brief that he faced "a ten year mandatory minimum sentence," Reply at 4, but this is incorrect. *See* 18 U.S.C. § 2423(d).